TIEMANN (MASURY v.). See Case No. 9,-271.

―――

## Case No. 14,025.
### TIERNAN v. ANDREWS.
[4 Wash. C. C. 474.] [1]
Circuit Court, E. D. Pennsylvania.  Oct Term, 1824.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT TO CREATE DEBT—SURETYSHIP.

Money paid on account of suretyship for an agent, in a matter where he is acting for his principal, and within the scope of his authority, creates a debt against the principal.

Rule on plaintiff [Luke Tiernan] to show his cause of action, and why the defendant [Robert Andrews] should not be discharged on common bail.

Peters, for plaintiff, showed cause, by reading the plaintiff's affidavit, which states, that the defendant is justly indebted to him in the sum of $5,500, for so much money paid for his use, at the request of John Andrews, the defendant's agent. That, in the year 1812, the defendant, living at Bourdeaux, wrote a letter by his brother John, addressed to plaintiff's house in Baltimore, requesting their services in his favor, and introducing him as his general agent. That John resided for some time in Baltimore, and acted as the known agent of defendant. In October, 1812, the said John Andrews, in his own name, but in fact, as defendant's agent, contracted with W. and J. Bosley for the sale of an imperial license to import a cargo of colonial produce into France, the said license being the defendant's property, and the money received for the sale of it being paid to the said John Andrews, for the use of the defendant. In the contract, certain things were agreed to be done by the defend-

ant, relating to the business to be carried on under the license. The Bosleys made use of the license, but being dissatisfied with the defendant's conduct in the transaction, they brought a suit against John Andrews, for whom plaintiff became bail, knowing of his being the defendant's agent. Judgment being recovered against him, he appealed, and the plaintiff, at his request, became his surety, to pay whatever sum should be recovered of him on such appeal. Judgment on the appeal was rendered against him for $5,161, being the damages the plaintiffs had sustained by the breach of contract assigned. Proceedings being instituted against the deponent, as surety aforesaid, he paid the amount to the Bosleys in 1822, with costs. That a letter, dated the 27th of April, 1822, was written by defendant to said John Andrews, on the subject of the suit, in which he expresses his surprise that a judgment should be rendered against him, "a mere simple agent, who sold them my imperial license for a given sum, with a stipulation that they should consign me a vessel and cargo, on which I should receive two and a half per cent. on sales, and the same on returns. For your government, I send you a copy of the agreement."

J. Sergeant, for defendant, insisted, that John Andrews, for whom plaintiff became bail, and paid the money, was alone liable to him; although the defendant might, in his turn, be answerable to John Andrews, but that he was not so to the plaintiff.

WASHINGTON, Circuit Justice. Upon the affidavit of the plaintiff, and the letters from the defendant to John Andrews, as well as the introductory letter to the plaintiff's house, it appears that the imperial license was the property of the defendant, and was sold to the Bosleys by his agent John Andrews, for the use and benefit of the defendant. It was therefore a sale made by the defendant, and the contract, for the breach of which the recovery was had, was his contract, and the sum recovered became a debt for which he was answerable, and for which he might have been sued. Although the agent was also liable, the person dealing with him having his choice of remedy against the agent or the principal. If John Andrews had paid the judgment, the defendant would have been liable in an action for money paid and advanced at the suit of John Andrews. That having been paid by the plaintiff, the legal result is the same, and he has a cause of action to recover the amount so paid against the defendant.

The rule must be discharged.

[See Case No. 14,026.]

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]